IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS GOMEZ RIVERA,

      Petitioner,

v.                                    No. 2:26-cv-01955-DHU-SCY

MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland Security;
TODD M. LYONS, in his official capacity as Acting
Director of the U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, in her official capacity as
Director, El Paso Field Office, Enforcement and Removal
Operations of the U.S. Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as Acting Attorney
General of the United States; and WARDEN OF THE OTERO
COUNTY PROCESSING CENTER,

      Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Luis Gomez Rivera's *pro se* Petition for Writ of Habeas Corpus ("Petition"), where he challenges his detention without a bond hearing or other custody review as unlawful and a violation of the Due Process Clause of the Fifth Amendment. Doc. 1 at 4.[1] He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from immigration custody, or, alternatively, ordering Respondents to provide him with a bond hearing. *Id.* at 5.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026

---

[1] Petitioner also challenges his immigration arrest. *Id.* However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2022 and was thereafter detained by immigration officials while already in the country. Doc. 1 at 2-3, 22; Doc. 6 at 2. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1284 (D.N.M. 2026).

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, July 22, 2026, he shall be immediately released.

At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, July 23, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE